■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN E. STARK, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered August 30, 1983, convicting defendant upon his plea of guilty of the crime of robbery in the second degree. ¶ On March 19, 1983, an 88-year-old woman was robbed by two men who gained entry to the woman's apartment on the pretense that they needed to use the telephone. As a consequence of the robbery, the victim suffered a broken wrist, other physical injuries and the fear of living alone; $32 was stolen. ¶ Investigation by the City of Binghamton police led to defendant, who voluntarily went with the police to the station for questioning. There he was advised of his *Miranda* rights and of the nature of the investigation underway. Although defendant agreed to discuss the matter with the police, he denied being involved in, or awareness of, the robbery. During this session he was informed that one Eugene Sperber, who had been taken into custody earlier that day for his suspected participation in the robbery, had made a statement implicating defendant, but the latter still disclaimed any involvement. After about two hours, defendant stated that he was tired and wished to sleep. He requested that the questioning cease and that he either be booked or released. The police fully complied with defendant's exercise of his Fifth Amendment right, formally charged him and locked him up. Approximately two hours later, one of the investigators returned to defendant's cell seeking to resume the interrogation. However, defendant, who was lying down, refused and the officer left immediately, returning about an hour later at 11:00 P.M. On this occasion defendant was standing at his cell door. The investigator told him that he wanted to speak to him about the incident and opened the cell door; defendant followed the investigator to the interview room. An attempt was then made by the investigator to again go over with defendant the *Miranda* warning form he had previously signed, but defendant terminated the review declaring that he knew his rights and did not desire a lawyer. ¶ Defendant was again informed of Sperber's statement implicating him. Upon his request, the investigators permitted him to read it, after which he decided to recount his version of the incident. Both defendant and Sperber's accounts are virtually identical, except that each seeks to portray the other as the instigator. Following an adverse ruling on his motion to suppress his statement and certain physical property found as a result thereof, defendant pleaded guilty to robbery in the second degree in full satisfaction of the indictment. This appeal, in which defendant again argues that suppression is warranted, ensued. ¶ Where a confession is the product of interrogation conducted after a defendant has once exercised his right to remain silent, the critical issue is "whether [defendant's] 'right to cut off questioning' was 'scrupulously honored'" (*Michigan v Mosley,* 423 US 96, 104). There is no "*per se* proscription of indefinite duration upon any further questioning by any police officer on any subject, once the person in custody has indicated a desire to remain silent" (*id.,* at pp 102-103). In this instance, as in *Mosley,* the police broke off the interrogation immediately upon defendant's request and recommenced only after passage of a significant period of time. Additionally, prior to resuming the interrogation, an attempt was made to reiterate the *Miranda* warnings, but that effort was frustrated by defendant who, as evidenced by his prior arrest record as well as by his own admission, was well versed in law enforcement procedures. ¶ This case is not, as defendant would have it, an instance of unremitting police entreaties or of coercive interrogation as depicted in *People v Pugh* (70 AD2d 664) and relied upon by defendant. Here, the testimony at the suppression hearing of the several investigators engaged in the interrogation is consistent and, unlike *Pugh,* defendant, having been informed of Sperber's statement against him prior to the time he first invoked his right to remain silent, was not coerced into

changing his mind by its recitation (*id.*, at p 666). Defendant's ability to, and exercise of, control over the time and duration of the interrogation acted to dissipate any coercive pressure created by the custodial interrogation (*Michigan v Mosley, supra,* pp 103-104). Accordingly, his statement was properly held admissible. ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.