■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SHARLAND, Appellant. — Harvey, J. Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered May 14, 1984, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

Some time between 2:00 P.M. on December 25, 1983 and 10:00 A.M. the following day, a 1978 Chevrolet Corvette was stolen from a car dealership in the City of Plattsburgh. At about 2:30 A.M. on December 27, 1983, defendant was apprehended by the State Police while driving the stolen vehicle. On appeal, defendant asserts that the evidence was insufficient as a matter of law to support his conviction of the crime of criminal possession of stolen property in the first degree. We disagree.

Three of the elements of the crime have been established without contradiction. The car had a market value in excess of $1,500, it was stolen, and it was in the exclusive possession of defendant when he was apprehended. The only disputed issue is whether he had the prerequisite knowledge of the fact that it was stolen. Once culpable knowledge is established, the statutory presumption satisfies the last element.

There was no direct evidence to establish defendant's knowledge of the fact that the car was stolen. Direct proof of culpable knowledge on the part of a defendant in a criminal possession of stolen property trial is rare. However, the law permits a jury to draw an inference of culpable knowledge under certain circumstances. "It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal" (*People v Galbo,* 218 NY 283, 290; *see also, People v Moro,* 23 NY2d 496; *People v Williams,* 53 AD2d 999).

On the People's direct case, it was established that the car was in defendant's exclusive possession within 36 hours, and possibly 16 hours, after the theft. Defendant offered an explanation which the jury rejected. The jury could reasonably have concluded that defendant's explanation was so illogical that it bordered on the absurd.

At the conclusion of the trial, defense counsel moved for a mistrial upon the ground that the People had failed to disclose defendant's oral statements pursuant to his pretrial demand. Answering the demand, the District Attorney listed one statement made to a trooper when defendant was first apprehended. That statement was "I'm caught". On cross-examination, defense counsel elicited other statements having to do with defendant's reason for not attempting to evade arrest. The trial court denied the motion for a mistrial. Authority for the demand is contained in CPL 240.20. As we apply the statute to the facts of this case, oral statements made to police officers and exculpatory statements are discoverable. The trial court found the statements not to be exculpatory. It was the District Attorney's position that only the spontaneous statement "I'm caught" could be used at trial. He did not disclose any other statement made to law enforcement officers because they resulted from a custodial interrogation prior to *Miranda* warnings and would not be offered at trial. We conclude that the People complied with the statute and that denial of the mistrial motion was proper.

Finally, defendant's sundry claims as to denial of effective assistance of counsel are rejected. What defendant claims as errors by defense counsel are readily creditable to trial strategy (*see, People v Tommaselli*, 102 AD2d 943, 943-944).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.