OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Knowledge that property is stolen may be shown circumstantially, such as by evidence of recent exclusive possession, defendant’s conduct or contradictory statements from which guilt may be inferred (People v Reisman, 29 NY2d 278, 285-286, cert denied 405 US 1041; People v Von Werne, 41 NY2d 584, 590). In this prosecution for criminal possession of stolen property in the first degree, the evidence was sufficient for the jury to infer that defendant knew the car he possessed had been stolen. For example, defendant admitted having had possession of the vehicle within six hours after the theft was reported; his story that "John” had left the car with him for repair on August 12 or 15, 1982 was contradicted by the owner, who testified that she had possession of the car until August 18, when it was stolen; defendant was unable to identify "John” or furnish accurate information as to his whereabouts; the car’s radio had been removed and the locks tampered with; and the car had affixed to it the license plates of a vehicle which had been at defendant’s shop just before being scrapped, thus affording defendant an opportunity to obtain those plates.
Defendant’s other claims are either unpreserved or without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed in a memorandum.