■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CICCIARELLI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in failing to comply with his request to charge petit larceny as a lesser included offense of robbery in the second degree. Because there is no reasonable view of the evidence that would support a finding that defendant committed a lesser but not the greater offense, the trial court correctly denied defendant's request *(see, People v Glover,* 57 NY2d 61, 63).

Defendant further asserts that the trial court erred in denying his motion to suppress his statement to the police. Defendant, after having been given his *Miranda* warnings by the police, invoked his right to remain silent. The officer questioning defendant immediately ceased his questioning with regard to the alleged robbery. No further contact with defendant was made by the police until approximately 17 minutes later, when another officer, who had not been advised of defendant's invocation of his right to remain silent, took over the case and again gave defendant his *Miranda* warn-

ings. Defendant acknowledged he understood these rights and waived them. An exculpatory statement was then given by defendant to the police. The suppression court found that the record was devoid of any evidence of police coercion and that the defendant was properly advised of his rights and voluntarily made a statement to the police.

When a defendant, after having been given his *Miranda* warnings, indicates that he wishes to remain silent, this request must be scrupulously honored *(Michigan v Mosley,* 423 US 96, 103-104; *People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). In the present case, the police immediately ceased questioning defendant when he invoked his right to remain silent. Defendant's subsequent statement was made only after the passage of time, without further police pressure and after having been again fully given his *Miranda* warnings. Defendant then voluntarily gave an exculpatory statement to the police, after indicating that he understood and waived his rights. Given these circumstances, the suppression court properly denied suppression of defendant's statement because his statement was voluntary and his rights were scrupulously honored *(see, Michigan v Mosley, supra; People v Gary,* 31 NY2d 68, 70; *People v Buxton,* 44 NY2d 33, 37; *cf., People v Dow,* 129 AD2d 535, *lv denied* 70 NY2d 645).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—robbery, second degree; grand larceny, third degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.