■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE J. McCRAY, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered June 23, 1987, which convicted defendant, after a jury trial, of criminal possession of stolen property in the fourth and fifth degrees and which sentenced him to an indefinite prison term of 2 to 4 years and a concurrent definite prison term of one year, respectively, is unanimously affirmed.

On February 11, 1987, three men stole Lisa Scher's pocketbook from her while she was walking in the street. Scher called "911" and the police arrived soon thereafter. Scher was unable to identify the three men.

About three hours later, Officers Murphy and Barnes, while on foot patrol, entered the lobby of a drug-prone building and found several people in the small vestibule area. After the officers asked what they were doing there, defendant turned away and made a throwing motion with his arm. Officer Murphy heard a "clicking noise" which sounded like "something hitting the floor." Murphy walked over to defendant and picked up two credit cards on the floor near his feet. The cards belonged to Lisa Scher. Defendant was arrested.

Shortly after, during the ride to the station house in a police van, another officer noticed defendant shifting about in his seat and heard something fall to the floor of the van near where defendant was sitting. After defendant was removed from the van, two additional plastic cards belonging to Lisa Scher were recovered from the van behind defendant's seat.

Defendant contends that his guilt was not proven beyond a reasonable doubt. However, viewing the evidence in a light most favorable to the prosecution, as we must *(see, People v Kennedy,* 47 NY2d 196, 203), we disagree with defendant. The evidence, which included the firsthand observations of two police officers and compelling circumstantial physical evidence, overwhelmingly established defendant's guilt.

While defendant asserts that Lisa Scher's testimony about the robbery amounted to evidence that defendant was involved in the theft and consequently violated the proscriptions of *People v Molineux* (168 NY 264, 293), the testimony was

properly admitted. Scher's testimony constituted relevant background information which was necessary for the jury's consideration of the possession of stolen property charges against defendant. *(See, People v Gines,* 36 NY2d 932; *People v Zorcik,* 67 NY2d 670.)* Moreover, on cross-examination, Scher stated that she was unable to identify defendant as one of the thieves.

Defendant also raises claims regarding Officer Murphy's testimony about "no trespassing" signs in the building lobby, the prosecutor's summation, the court's jury instructions, and his trial counsel's ineffectiveness. However, these claims are all unpreserved for appellate review (CPL 470.05 [2]) and we therefore decline to address them. Were we to reach these issues in the interest of justice, we would, nonetheless, find them to be of no merit. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.