■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MORGAN, Appellant.—Judgments, Supreme Court, Bronx County (Lawrence Bernstein, J.) rendered May 7, 1987, convicting defendant, under Indictment No. 4991/85 of murder in the second degree (three counts), and under Indictment No. 4895/85, of arson in the second degree, and sentencing him to three concurrent indeterminate terms of imprisonment of 25 years to life on the murder counts, and a consecutive, indeterminate term of 2 to 6 years on the arson count, both sentences to run consecutively to a sentence defendant was already serving, unanimously affirmed.

Defendant was charged under Indictment No. 4991/85 in connection with the burning of a numbers betting parlor on August 23, 1984, in which three persons died. William Diaz recruited defendant for the crime on behalf of defendant's co-defendant Conrado Pons. Pons worked for a large "numbers corporation", which was trying to eliminate its competition.

Defendant was charged under Indictment No. 4895/85 with setting fire to yet another numbers location, having been again recruited by Diaz. Subsequently, Diaz agreed to cooperate with the authorities in various counties in exchange for leniency, and testified against defendant at trial.

Defendant contends that he was prejudiced at both trials by improper comments made by the prosecutors on summation in which, among other things, they sought to inflame the jurors' emotions, vouched for the credibility of witnesses, referred to

facts not in evidence, and attempted to shift the burden of proof.

Specifically, at the trial held in connection with Indictment No. 4991/85, the prosecutor improperly appealed to the jurors' emotions by referring to a poem dealing with the death of one of two close friends and compared the thoughts of the poet with the thoughts of the friends of the deceased victims of the fire. While the comments were clearly erroneous, the error was harmless in view of the overwhelming evidence against defendant. *(People v Crimmins,* 36 NY2d 230.) The other comments made by the prosecutors at both trials to which error is sought to be ascribed, were either responsive to the respective summations of defense counsel or were adequately cured by the court's instructions. *(People v Galloway,* 54 NY2d 396, 400; *People v Berg,* 59 NY2d 294.)

Defendant's claim that at the trial of Indictment No. 4991/85 the court improperly permitted the introduction of un-charged crimes, is unpreserved and in any event is without merit. In particular, the testimony describing William Diaz as an "enforcer" for the numbers corporation and describing the "corporation's" reason for ordering the arsons, was necessary background information. Moreover, *Molineux* considerations do not apply to the prior uncharged crimes of the prosecutor's main witness. *(People v McCray,* 165 AD2d 765.)

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.