■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRADO PONS, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.) rendered May 7, 1987, convicting defendant, after jury trial, of three counts of murder in the second degree, and sentencing him to three concurrent terms of from 25 years to life imprisonment, unanimously affirmed.

Defendant Pons and co-defendant Anthony Morgan, were convicted of the deaths of three individuals in an arson fire at a numbers betting parlor at 1625 Weschester Avenue in the Bronx. Pons, who was in charge of "enforcement" for a large numbers operation, recruited the People's main witness, William Diaz, to carry out the crime. Diaz in turn recruited the co-defendant Anthony Morgan to actually set the fire.

The tape recorded conversation of September 20, 1985, in which the defendant assured Diaz that the authorities had no evidence to link them to the arson, and offered Diaz $4,000 to leave New York, sufficiently corroborated Diaz' testimony so as to sustain the conviction. (CPL 60.22 [1].) "The corroboration need not, as must circumstantial evidence, lead exclusively to the inference of the defendant's guilt." (People v Morhouse, 21 NY2d 66, 74.)

In view of the fact that defense counsel at trial did not object to either the prosecutor's questioning of Diaz regarding his agreement with the authorities, or to the comment reprising the question on summation, it is clear that the issue was not preserved for appellate review. (CPL 470.05.) Furthermore, defendant failed to move pursuant to CPL 440.10 for a post-conviction hearing so that an adequate record for review could

be established. *(People v Charleston,* 54 NY2d 622.) In any event, there is no reason to review the claim in the interest of justice.

The prosecutor's summation was reviewed by this Court on the appeal of co-defendant Morgan, and after review herein is again found to be proper. *(See, People v Morgan,* 172 AD2d 312.)* The only new argument made here, to wit, that the prosecutor improperly argued that if Diaz were telling the truth with respect to his friend Morgan, he must be telling the truth with respect to defendant, whom he had not known long, was to some extent responsive to the defense counsel's argument concerning Diaz, credibility and in any event without prejudicial effect in view of the curative instructions given by the trial court *(People v Berg,* 59 NY2d 294). Concur— Milonas, J. P., Ross, Asch, Kassal and Smith, JJ.

