■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McFARLAND, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant's conviction for criminal possession of stolen property in the second degree must be reversed and the charge dismissed. It is essential in a prosecution for criminal possession of stolen property that the People prove that the property "was stolen by someone" *(People v Corsetti,* 10 AD2d 685; *see also, People v Bryson,* 118 AD2d 791, 792). Here, the People proved only that Doris Barry accidentally left her purse in a shopping cart after shopping at Wegmans. Proof that property is missing is not necessarily sufficient to support the conclusion that the property was stolen *(see, People v Knapp,* 46 AD2d 691). The People argue that their theory of the case was that the purse had been lost and defendant, the finder, failed to take reasonable measures to return it to Barry *(see,* Penal Law § 155.05 [2] [b]). However, the court improperly refused the prosecutor's request to charge the jury on the law concerning larceny by acquisition of lost property *(see, People v Colon,* 28 NY2d 1, 10-11, *cert denied* 402 US 905). Consequently, the verdict cannot be sustained on that ground *(see, People v Termotto* [appeal No. 1], 155 AD2d 965, *lv denied* 75 NY2d 925). In light of our resolution of this issue, it is unnecessary to reach defendant's remaining argument. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Stolen Property, 2nd Degree.) Present —Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.