■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN DERRELL, Appellant. [774 NYS2d 805]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 3, 2002, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and making an improper turn, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's knowledge that property in his possession was stolen may be shown by his or her recent and exclusive possession of the property following its theft, by his or her conduct, or by his or her contradictory statements (*see People v Cintron,* 95 NY2d 329, 332 [2000]; *People v Zorcik,* 67 NY2d 670, 671 [1986]). Here, the evidence, viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In January 2002, the defendant, a real estate salesperson, purchased a 2001 Lincoln Navigator from a person named "Craig" at a gas station in Queens. He acquired the vehicle, which the complainant had bought just a few months earlier for $65,000, for $16,000 in cash. The defendant did not get a bill of sale, did not get title to the car, and had no way of contacting the seller after the transaction was completed. Contrary to the defendant's assertion, this evidence was legally sufficient to establish that he was guilty of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree (*see People v Contes, supra;* Penal Law §§ 165.50, 165.05 [1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.