(December 30, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN POWELL, Appellant. [787 NYS2d 480]—

Crew III, J.P. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 10, 1997, upon

a verdict convicting defendant of the crime of murder in the second degree.

Defendant's wife disappeared in October 1994 when she was six months pregnant. In 1996, her remains were discovered in a hockey bag lying in the ebbing tide of the Hudson River. A police investigation ensued, at the conclusion of which defendant was indicted and charged with two counts of second degree murder for the strangulation death of his wife. Following a jury trial, defendant was found guilty of intentional murder and sentenced to a term of 25 years to life. Defendant now appeals.

Defendant first contends that County Court erred in denying his motion to suppress two statements made by him to the police. We disagree. Regarding defendant's first statement, he claims that it was made after he invoked his right to remain silent. While it is clear that once a defendant invokes his right to remain silent, that decision must be scrupulously honored (*see e.g. Miranda v Arizona*, 384 US 436 [1966]) and any statement obtained thereafter is inadmissible (*see People v Dickinson*, 43 AD2d 612, 615 [1973]), we need note only that defendant's failure to respond to some questions while answering others does not constitute an unequivocal invocation of the right to remain silent (*see People v Sprague*, 267 AD2d 875, 879 [1999], *lv denied* 94 NY2d 925 [2000]).

Defendant further asserts that County Court erred in permitting certain statements made by him after what he contends was an unlawful, warrantless arrest for reckless endangerment. To the contrary, the record reveals that the State Troopers who effected defendant's arrest were aware of the fact that charges had been filed against defendant for reckless endangerment. County Court properly determined that the Troopers were warranted in making the arrest for a crime where they had reasonable cause to believe that defendant had committed such crime, whether in their presence or otherwise (*see* CPL 140.10 [1] [b]).

Defendant next contends that County Court erred in granting the prosecutor's challenge for cause of a prospective juror after the prosecutor had exercised her challenges for cause and defendant had exercised his challenges for cause, as well as his peremptory challenges. The record reveals that the prospective jurors had been examined extensively by the court, the prosecutor and, to a lesser extent, defense counsel. Thereafter, the prosecution successfully exercised a number of challenges for cause, as did defense counsel. Following those challenges, the prosecutor advised the court that juror number 32, a criminal defense attorney, represented her sister in a civil matter and wanted to put it on the record for defendant's benefit. The court responded,

"[d]uly noted" and, inasmuch as the prosecutor already had exhausted her peremptory challenges, entertained such challenges by defendant. Defendant exercised five such challenges, but not as to juror number 32. Before the court could swear in the jury, the prosecutor stated, "Judge, I do have a cause situation. [Juror 32] volunteered . . . and I thought Mr. Kindlon would challenge him for cause . . . that he has ongoing litigation with my office . . . I think it is impossible for him to sit fairly and impartially . . . ." The court, over the strenuous objection of defense counsel, then brought the juror back for further questioning, after which the court granted the challenge for cause.

The Criminal Procedure Law specifically delineates the order in which challenges are to occur. It provides that upon completion of examination of the prospective jurors, both parties, commencing with the People, may challenge the prospective jurors for cause. After both parties have had an opportunity to so challenge, the court must permit peremptory challenges commencing with the People and followed by defendant. In no event may the People exercise a peremptory challenge after the defendant has exercised his or her peremptory challenges (*see* CPL 270.15 [2]). It has been held that this procedure must be strictly complied with and any action inconsistent with such procedure constitutes reversible error (*see e.g. People v Williams*, 26 NY2d 62, 63 [1970]). The reasoning for such strict compliance with the statutory requirements is "where [the defendant] has a preference in favor of a juror . . . who is not . . . challenged by the prosecution . . . , the observance of the statute secures to the accused his [or her] presence on the jury . . . [If] the prosecutor is permitted to reserve its . . . challenge after the right has been exercised by the defendant, he [or she] is enabled to acquire information as to what jurors are satisfactory to the defendant, and to exclude them from the panel for that reason. This is an advantage to which, under the statute, he [or she] is not entitled" (*People v McQuade*, 110 NY 284, 294-295 [1888]).

While we recognize that all of the cases decided to date have dealt with the People executing peremptory challenges after a defendant's peremptory challenges, we perceive no difference regarding the People exercising a challenge for cause after a defendant has concluded his or her challenges. The same principle applies. In such event, the People have acquired information as to what jurors are satisfactory to the defendant and then are able to exclude one or more of them from the panel. Indeed, here the prosecutor acknowledged that she thought defense counsel would challenge juror number 32 for cause, and it was

not until she discovered that the juror was acceptable to defendant that she sought to challenge him.

Clearly, once defense counsel exercises his or her other peremptories, the statute instructs that the jury *must* be immediately sworn as trial jurors (*see* CPL 270.15 [2]). To be sure, a challenge for cause may thereafter be entertained where it is based upon a ground not known to the challenging party during voir dire (*see* CPL 270.15 [4]). However, here, the information that formed the basis for the challenge was well known to the parties prior to defendant's exercise of his peremptories, and the challenge was made only after defendant did not challenge the suspect juror. That had the effect of permitting the People to exclude a juror known to be satisfactory to defendant, which is precisely what has been condemned by *People v McQuade* (*supra*) and its progeny.

In view of such error, we reverse the judgment of conviction and remit this matter to County Court for a new trial. Our conclusion in this regard obviates the need to address the remaining issues raised by defendant, except to note that we find no merit to defendant's claim that the verdict was not supported by legally sufficient evidence.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Columbia County for a new trial.