■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAND J. LOGAN, Appellant. [797 NYS2d 634]—

Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered January 16, 2003, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, carrying or possessing a loaded firearm in a motor vehicle, discharging a firearm over a public highway, discharging a firearm within 500 feet of a dwelling, driving while intoxicated, criminal possession of stolen property in the fourth degree and menacing in the second degree, and the violations of failure to keep right and failure to comply with a lawful order of a police officer.

Defendant was indicted and convicted of numerous offenses resulting from an incident that occurred on March 18, 2002, after the vehicle he was driving was stopped for a traffic violation. When Canajoharie Police Officer Cecil Jones asked defendant to exit the vehicle to take a field sobriety test, defendant revved the engine, grabbed a rifle that had been resting on the center console, fired a shot in Jones' direction, and sped away. Jones was joined by Montgomery County Deputy Sheriff Joseph Kilmartin in pursuit of defendant, and during that pursuit, defendant fired several more shots in the direction of Jones and his vehicle. Shortly thereafter, defendant abandoned his vehicle and fired several more shots in Jones' direction before fleeing on foot. Defendant was subsequently encountered outside a residence by State Trooper Thomas Gibney, at which time defendant pointed a revolver at Gibney. Upon Gibney's demand, defendant put down the revolver and surrendered. Evidence collected following the incident included an AR-15 Colt assault rifle, a .357 caliber Ruger revolver, and ammunition.

Following a jury trial, defendant was convicted of attempted murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, carrying or possessing a loaded firearm in a motor vehicle, three weapons violations under Environmental Conservation Law § 11-0931, three violations of the Vehicle and Traffic Law, including driving while intoxicated, as well as criminal possession of stolen property in the fourth degree and menacing in the second degree. He was sentenced as a second felony offender to an aggregate term of incarceration of 40 years to life. He appeals, and we affirm.

Only two of the several issues raised by defendant warrant extended discussion. First, defendant contends that County Court erroneously denied his motion to suppress a statement given to police following the incident. Testimony at the *Huntley* hearing revealed that after his arrest, defendant was taken to the Canajoharie police station where, at approximately 12:20 A.M., he was administered *Miranda* warnings by Jones. Among other things, defendant stated that he did not want to talk to Jones, but he was not unwilling to talk to other officers. Thereafter, Canajoharie Police Officer David Hayes approached defendant and, in response to defendant's requests, gave him a wool blanket, a glass of water and a cigarette. Hayes then informed defendant that he was going to take his statement, and at 1:13 A.M., Hayes readministered the *Miranda* warnings to defendant. Defendant then signed a waiver of his rights without reservation and gave a statement to Hayes.

A defendant's invocation of the right to remain silent must be " 'scrupulously honored' " (*People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985], quoting *Miranda v Arizona*, 384 US 436, 479 [1966]; *see People v Schojan*, 272 AD2d 932, 933 [2000], *lv denied* 95 NY2d 871 [2000]; *People v Powell*, 13 AD3d 975, 976 [2004]). However, County Court's finding that defendant did not unequivocally invoke his right to remain silent, but rather, that he refused to speak with Jones (the officer who had pursued him and at whom he had fired a weapon) is supported by the record (*cf. People v Glover*, 87 NY2d 838, 839 [1995]; *People v Powell, supra* at 976). Moreover, even if defendant's refusal to speak with Jones was an unconditional and unequivocal invocation of his right to remain silent, defendant subsequently waived that right following readministration of the *Miranda* warnings by a different police officer more than one-half hour later, and in such circumstances as to permit a finding that defendant was not questioned in violation of his right to remain silent (*see People v Schojan, supra* at 933; *People*

*v Cicciarelli*, 145 AD2d 938, 938-939 [1988], *lv denied* 73 NY2d 975 [1989]; *People v Stark*, 103 AD2d 987 [1984]; *cf. People v Suressi*, 170 AD2d 1004, 1005 [1991], *lv denied* 77 NY2d 967 [1991]). There is no evidence that defendant was coerced to change his mind about giving a statement (*see People v Stark, supra* at 987-988) or otherwise intimidated into giving an involuntary statement, and thus, we find no basis to disturb County Court's denial of defendant's motion to suppress his statement.

Defendant further contends that there was not legally sufficient evidence to support his conviction for criminal possession of stolen property in the fourth degree. Specifically, defendant claims a lack of evidence that the Colt AR-15 rifle and the .357 caliber Ruger revolver were stolen, or that he knew them to be stolen (*see* Penal Law § 165.45 [4]; *People v Cintron*, 95 NY2d 329, 332 [2000]; *People v Derrell*, 6 AD3d 625, 626 [2004], *lv denied* 3 NY3d 673 [2004]; *People v McFarland*, 181 AD2d 1007, 1007 [1992], *lv denied* 79 NY2d 1051 [1992]). Evidence is legally sufficient if, when viewed in a light most favorable to the People, there exists " 'any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " (*People v Lynch*, 95 NY2d 243, 247 [2000], quoting *People v Williams*, 84 NY2d 925, 926 [1994]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Jenkins*, 300 AD2d 751, 752 [2002], *lv denied* 99 NY2d 615 [2003]).

Here, there was evidence that defendant was in possession of the .357 caliber Ruger revolver and the Colt AR-15 rifle. Defendant's mother and father testified that they owned the revolver and the rifle, respectively. They testified that the weapons were kept in a safe in their home, and that, to their knowledge, defendant did not know the combination to the safe. They further testified that they were unaware that the firearms were missing from the safe until they learned of the events that led to defendant's arrest, and that defendant did not have their permission to have the firearms. While the jury might have reached a different conclusion on the count of possession of stolen property, this evidence was sufficient to permit the inference that defendant had stolen the weapons from his parents and that he knew them to be stolen.

Defendant's contention that County Court erred in permitting counts 3 and 5 of the indictment and the bill of particulars to be amended twice does not warrant reversal. Defendant objected to amendments particularizing the weapon involved in those counts only on the basis of prejudice, but he did not make an adequate showing that he was prejudiced by the amendments. Nor was count 5 of the indictment, charging defendant

with criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), jurisdictionally defective because it did not allege that the possession occurred outside of defendant's home or place of business. Defendant was not charged under Penal Law § 265.02 (4), and thus, the exception stated in that subdivision is inapplicable and did not need to be stated in the indictment (*compare People v Best*, 132 AD2d 773, 774-775 [1987]). Defendant's remaining contentions are unpreserved, and do not warrant our review in the interest of justice.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.