THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAL TAYLOR, Appellant. [806 NYS2d 822]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 14, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of intentional murder in the second degree (Penal Law § 125.25 [1]) in connection with the death of his father. We reject the contention of defendant that Supreme Court erred in refusing to suppress evidence seized by the police during the warrantless search of his home. In responding to a telephone call from a relative informing the police that defendant's father was not answering telephone calls or responding to letters or knocking on his door for a period of several weeks, a police officer detected a "strong aroma" emanat-

ing from an open window, and he believed the odor to be that of a decaying body. Upon entering the house, the officer found the body of defendant's father on the bathroom floor, in a pool of dried blood. We thus conclude under the circumstances of this case that the emergency exception to the Fourth Amendment's warrant requirement applies and the court properly refused to suppress the evidence seized from defendant's home (*see People v Molnar*, 98 NY2d 328, 331-333 [2002]; *People v Bradley*, 17 AD3d 1050, 1051 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Eckhardt*, 305 AD2d 860, 863-864 [2003], *lv denied* 100 NY2d 620 [2003]).

The court also properly refused to suppress statements made by defendant to the police. Even assuming, arguendo, that defendant unequivocally invoked his right to remain silent when he failed to give a verbal response after receiving *Miranda* warnings at his home and, instead, merely shook his head (*see People v Logan*, 19 AD3d 939, 941 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Powell*, 13 AD3d 975, 976 [2004], *lv denied* 4 NY3d 889 [2005]), we conclude that he thereafter validly waived his *Miranda* rights when the warnings were readministered approximately 30 minutes later at the police station. The statement made by defendant at the police station was not the product of "continued importunity or coercive interrogation in the guise of a request for reconsideration" (*People v Gary*, 31 NY2d 68, 70 [1972]; *see People v Buxton*, 44 NY2d 33, 37 [1978]). Contrary to defendant's contention, there is no evidence that defendant's statement was coerced or otherwise involuntary. Rather, the record establishes that defendant acknowledged orally and in writing that he understood his *Miranda* rights and that his statement was voluntarily made (*see People v Isaac*, 265 AD2d 924 [1999], *lv denied* 94 NY2d 881 [2000]).

Defendant further contends that the court erred in allowing the People to call defendant's ex-wife to testify as a rebuttal witness. Even assuming, arguendo, that defendant's belated objection to that testimony was sufficient to preserve defendant's contention for our review, we nevertheless conclude that it is lacking in merit. The determination whether to permit rebuttal testimony should not be disturbed on appeal absent an abuse of discretion (*see generally People v Hernandez*, 71 NY2d 233, 247-248), and here the court did not abuse its discretion in allowing that rebuttal testimony. Also contrary to defendant's contention, the sentence is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.