■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TACKMAN, Appellant. [32 NYS3d 102]—

Judgments, Supreme Court, New York County (Richard D. Carruthers, J.), rendered July 21, 2011, as amended August 15, 2011, convicting defendant, after a jury trial, of robbery in the second degree (five counts) and attempted robbery in the second degree, and sentencing him to an aggregate term of 25 years to life, and also convicting defendant, upon his plea of guilty, of escape in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a consecutive aggregate term of three to six years, unanimously affirmed. Order, same court (Daniel P. FitzGerald, J.), entered on or about October 24, 2014, which denied defendant's CPL 440.10 motion to vacate the abovementioned judgments of conviction after trial, unanimously affirmed.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that he was prejudiced by the fact that, in connection with a motion to suppress statements, his counsel did not argue that defendant had invoked his right to remain silent and did not exploit evidence presented at a Queens County hearing that would support such a claim. There is no reasonable probability that any such effort would have led to suppression, because the record indicates that, under all the circumstances, defendant's right to remain silent was scrupulously honored (*see Michigan v Mosley*, 423 US 96, 104 [1975]). Even if the Queens testimony is viewed most favorably to defendant, and even if it is assumed that defendant initially invoked his right of silence in a conversation with a Manhattan detective, defendant has not shown that a Queens detective's later questioning was unlawful and that it rendered defendant's ultimate confession to the Manhattan detective inadmissible (*see e.g. People v Logan*, 19 AD3d 939, 941-942 [3d Dept 2005], *lv denied* 5 NY3d 830 [2005]; *People v Cicciarelli*, 145 AD2d 938, 938-939 [4th Dept 1988], *lv denied* 73 NY2d 975 [1989]). Thus, defendant did not meet his burden of establishing prejudice, and there was no factual issue requiring a hearing on the CPL 440.10 motion.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. We do not find that any lack of preservation should be excused on the ground of ineffective assistance. As an alternative holding, we find no basis for reversal. The challenged portions of the prosecutor's summation generally constituted permissible comments on the evidence, constituting fair responses to defense counsel's summation arguments, and there was nothing so egregious as to warrant a new trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). The court's *Sandoval* ruling, permitting questioning about defendant's escape conviction, did not violate the rule against impeachment regarding nonfinal convictions (*see People v Cantave*, 21 NY3d 374, 379-381 [2013]), because the escape conviction was related to the robbery charges and the underlying facts of the escape were, in any event, probative of consciousness of guilt.

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.