■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUIS R. MASI, Appellant. [58 NYS3d 197]—

Devine, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 8, 2014, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (two counts).

On Monday, April 21, 2014, employees opened offices at a hospital in the City of Elmira, Chemung County and discovered that two laptop computers had been stolen over the weekend. Surveillance video of the area on Saturday morning was reviewed and showed that a man, whom an investigator recognized as defendant, had been in the area with a red duffel bag. Patrol officers encountered defendant outside of a public library a few days later and, while he initially agreed to go to the police station and discuss the theft, he then decided that he did not "want to speak to anybody" about this. The patrol officers had been advised earlier that investigators already had enough evidence to place defendant under arrest, however, and he was taken into custody at that point. He requested that his red duffel bag accompany him to the police station and, without any encouragement, made incriminating statements as he was being processed. Defendant was Mirandized by the officer investigating the case after arriving at the station, and he agreed to speak without an attorney present. After being confronted with a still photograph from the surveillance footage and told that they "want[ ] their computers back," defend-

ant admitted that the computers were in his red duffel bag. Defendant spoke truly.

An indictment was handed up charging defendant with various offenses. Defendant filed a motion to suppress his statements, which was denied after a hearing. Following a jury trial, defendant was convicted of burglary in the third degree, grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fifth degree. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 3½ to 7 years. Defendant now appeals.

We affirm. Defendant takes issue with the denial of his suppression motion and argues that, because he had already invoked his right to remain silent in speaking to the patrol officers, he could not later waive that right and speak to the investigating officer without the presence and assent of counsel. The suppression hearing testimony demonstrates that, while defendant made "an unconditional and unequivocal invocation of his right to remain silent" at the library, he "subsequently waived that right following [the administration] of the *Miranda* warnings by [the investigating officer at the police station], and in such circumstances as to permit a finding that defendant was not questioned in violation of his right to remain silent" (*People v Logan*, 19 AD3d 939, 941 [2005], *lv denied* 5 NY3d 830 [2005]; *see People v Gary*, 31 NY2d 68, 69-70 [1972]; *People v Tackman*, 139 AD3d 537, 538 [2016], *lv denied* 28 NY3d 937 [2016]; *People v Taylor*, 24 AD3d 1269, 1270 [2005], *lv denied* 6 NY3d 818 [2006]). Inasmuch as defendant never requested an attorney and the right to counsel had not indelibly attached, there was "no legal requirement that an attorney be present before [he] change[d] an earlier decision to remain silent and talk[ed] to the authorities" (*People v Davis*, 75 NY2d 517, 522-523 [1990]; *see People v Reid*, 136 AD2d 578, 578 [1988], *lv denied* 70 NY2d 1010 [1988], *cert denied* 486 US 1035 [1988]). Accordingly, County Court properly denied his motion to suppress.

Turning to the trial, defendant's "contention that the People improperly elicited testimony regarding his invocation of his right to remain silent as a part of their direct case is unpreserved for our review" (*People v Robtoy*, 144 AD3d 1190, 1192 [2016], *lv denied* 28 NY3d 1150 [2017]; *see People v McArthur*, 101 AD3d 752, 752 [2012], *lv denied* 20 NY3d 1101 [2013]). In any event, while the patrol officers who encountered defendant at the public library made references to defendant choosing not to speak, the references came as they described the interaction as a whole and were fleeting. The People did not deliberately

elicit the references, made no attempt to exploit them and, "in light of the overwhelming evidence of . . . defendant's guilt and the fact that there was no reasonable possibility that the error contributed to the defendant's conviction," we are not motivated to take corrective action on the issue in the interest of justice (*People v Viera*, 133 AD3d 622, 624-625 [2015], *lv denied* 26 NY3d 1151 [2016]; *see People v Robtoy*, 144 AD3d at 1192).

Defendant lastly contends that he received the ineffective assistance of counsel. He points to the lack of objection to the testimony regarding his invocation of the right to remain silent, but defense counsel may well have concluded that an objection would have only drawn unwanted attention to those sparse and unsolicited statements (*see People v Rodriguez*, 135 AD3d 1181, 1185-1186 [2016], *lv denied* 28 NY3d 936 [2016]). Defendant also contends that defense counsel elicited damaging testimony from him. In that regard, the proof that defendant had stolen the laptops was nigh incontrovertible, causing defense counsel to contest the proof for specific elements of the charged crimes rather than the fact of the theft. The strategy bore fruit when County Court reduced several of the charged counts during trial. Defense counsel asked questions of defendant designed to further that strategy and, while the examination did not go especially well, its failure owes more to defendant's penchant for giving meandering and unhelpful answers than to any failure on counsel's part.* In short, after reviewing the record in its totality, we are satisfied that defendant received meaningful representation (*see People v Thiel*, 134 AD3d 1237, 1240-1241 [2015], *lv denied* 27 NY3d 1156 [2016]; *People v Hawkins*, 130 AD3d 1298, 1303-1304 [2015], *lv denied* 26 NY3d 968 [2015]).

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed.

---

* By way of example, defendant demanded before trial that proof be presented on the less than flattering reasons he was homeless at the time of the theft, and he seized on a short question from defense counsel to testify at length on that issue. Defendant also points out that defense counsel elicited testimony about his status as an inmate at the Chemung County Jail, an ironic complaint given that defendant's insistence on standing trial in his jail jumpsuit made the jury well aware of that status.