The People of the State of New York, Respondent,
against
Luis Santana, Appellant. 




New York City Legal Aid Society (Desiree Sheridan of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J., at plea; Suzanne J. Melendez, J., at sentencing), rendered July 28, 2016. The judgment convicted defendant, upon his plea of guilty, of resisting arrest, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to resisting arrest (Penal Law § 205.30) in satisfaction of an accusatory instrument which charged defendant with that offense and also charged him with criminal possession of stolen property in the fifth degree (Penal Law § 165.40). The accusatory instrument, executed and sworn to by a police officer, alleged that the officer had been informed by the complainant that, on a specified date, at a specified time and place, defendant had been present when the complainant's Samsung cell phone was removed from the complainant's pocket. It was further alleged therein that defendant had left the location and had been approached by the officer, who recovered a Samsung cell phone from defendant's right pants pocket. The complainant identified this phone as his own and told the officer that he had not given defendant permission or authority to take, use, remove or otherwise exercise control over it. Additionally, the accusatory instrument alleged that, as the officer was attempting to place handcuffs on defendant, defendant had flailed his arms and twisted his body in an attempt to avoid being handcuffed and placed under arrest. Finally, the [*2]accusatory instrument alleged that defendant had told the officer that he had found the phone on the street. On appeal, defendant challenges the facial sufficiency of the accusatory instrument. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Penal Law § 205.30, "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." A key element of resisting arrest is the existence of an authorized arrest (see People v Jensen, 86 NY2d 248, 253 [1995]; People v Alejandro, 70 NY2d 133, 135 [1987]; People v Peacock, 68 NY2d 675, 676-677 [1986]; People v Parker, 33 NY2d 669 [1973]). Consequently, in order to find the count contained in the accusatory instrument charging defendant with resisting arrest, to which he pleaded guilty, to be facially sufficient (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), the factual allegations therein had to have provided reasonable cause to believe (see CPL 100.40 [4]), among other things, that the underlying arrest was authorized (see People v Jones, 9 NY3d 259, 263 [2007] [finding that, since the accusatory instrument failed to allege sufficient facts to support the underlying disorderly conduct charge, those facts could not be deemed sufficient to allege that the arrest was "authorized" as required under Penal Law § 205.30]).
Pursuant to Penal Law § 165.40, "[a] person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof." The gravamen of the crime is possession of stolen property with knowledge of its stolen character (see People Nowakowski, 39 AD2d 621 [1972]; People v Vargas, 55 Misc 3d 136[A], 2017 NY Slip Op 50501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands or on his person (see People v Zorcik, 67 NY2d 670 [1986]; People v Kirkpatrick, 32 NY2d 17, 23 [1973]; People v Reisman, 29 NY2d 278, 285-286 [1971]). Here, since the accusatory instrument alleged that defendant had been present when the complainant's Samsung cell phone was removed from the complainant's pocket, [*3]there were sufficient allegations contained in the accusatory instrument to infer that the cell phone had been stolen and that defendant was aware that it had been stolen. Additionally, defendant's recent and exclusive possession of that same phone while in close proximity to where it was taken, which phone the complainant identified as his, warrants an inference that defendant knew that the phone was stolen (see Zorcik, 67 NY2d at 671; Kirkpatrick, 32 NY2d at 23). Furthermore, pursuant to Penal Law § 165.55 (1), "[a] person who knowingly possesses stolen property is presumed to possess it with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof." Consequently, as the accusatory instrument alleged facts sufficient to support the underlying charge of criminal possession of stolen property in the fifth degree (see Vargas, 55 Misc 3d 136[A], 2017 NY Slip Op 50501[U]), it sufficiently alleged facts establishing that the arrest was authorized, as required to support the count charging defendant with resisting arrest. In view of the foregoing, by further alleging that, as the officer was attempting to place handcuffs on defendant, defendant flailed his arms and twisted his body in an attempt to avoid being handcuffed and placed under arrest, the accusatory instrument sufficiently pleaded the count of resisting arrest (see People v Villegas, 54 Misc 3d 137[A], 2017 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Smith, 42 Misc 3d 145[A], 2014 NY Slip Op 50306[U] [App Term, 1st Dept 2014]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019