People v Basedow (2022 NY Slip Op 04483)

People v Basedow

2022 NY Slip Op 04483

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

470 KA 17-01054

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT D. BASEDOW, DEFENDANT-APPELLANT. 

ROBERT GALLAMORE, OSWEGO, FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered April 17, 2017. The judgment convicted defendant upon a jury verdict of aggravated driving while intoxicated and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated driving while intoxicated as a
class E felony (Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [i]) and driving while intoxicated as a class E felony (§§ 1192 [3]; 1193 [1] [c] [i]). We affirm.
We reject defendant's contention that County Court's Sandoval ruling constituted an abuse of discretion (see generally People v Sandoval, 34 NY2d 371, 374 [1974]). The court's Sandoval compromise limited the People's questioning on defendant's prior convictions for DWI-related offenses to whether defendant had been convicted of two felonies on the appropriate dates, without identifying the crimes, and barred the People from inquiring about the facts underlying those two convictions or about a third, older conviction for a DWI-related offense, all of which "reflects a proper exercise of the court's discretion" (People v Stevens, 109 AD3d 1204, 1205 [4th Dept 2013], lv denied 23 NY3d 1043 [2014] [internal quotation marks omitted]). We further conclude that defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of those prior convictions upon which the court permitted inquiry] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Sandoval, 34 NY2d at 378; see People v Thomas, 165 AD3d 1636, 1638 [4th Dept 2018], lv denied 32 NY3d 1129 [2018], cert denied — US &mdash, 140 S Ct 257 [2019]).
Contrary to defendant's further contention, defense counsel was not ineffective for failing to object to the trial testimony of a New York State Trooper regarding the preliminary breath test that he administered to defendant prior to his arrest. Defense counsel may have had a strategic reason for failing to object inasmuch as defense counsel may not have wished to call further attention to that very brief testimony (see People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Masi, 151 AD3d 1389, 1391 [3d Dept 2017], lv denied 30 NY3d 1062 [2017]). Consequently, we conclude that defendant has failed to demonstrate the absence of a legitimate explanation for defense counsel's failure to object (see People v Burton, 191 AD3d 1311, 1314-1315 [4th Dept 2021], lv denied 36 NY3d 1095 [2021]). We have reviewed defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit.
Defendant's remaining contentions are unpreserved for appellate review (see generally CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). [*2]Finally, we note that the uniform sentence and commitment sheet incorrectly states that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict (see People v McLamore, 191 AD3d 1413, 1415 [4th Dept 2021], lv denied 37 NY3d 958 [2021]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court