THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LESTER, Appellant.

 Memorandum: Defendant's claims of ineffective assistance of counsel lack merit. The evidence, the law, and the circumstances of this case, viewed together, reveal that meaningful representation took place *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147).

In cross-examining the eyewitnesses concerning the lineup identification, which had been suppressed, defense counsel's performance was not ineffective because he was engaged in an acceptable trial strategy. In order to cast doubt upon the reliability of the eyewitnesses' in-court identification, it was reasonable strategy to attempt to show that the in-court identification was influenced by an impermissibly suggestive photo array and lineup *(see, People v Foti,* 83 AD2d 641).

Counsel's failure to object to leading questions was not prejudicial and does not rise to the level of ineffective assistance.

There is no showing that counsel's failure to move to have defendant declared incompetent to stand trial constituted ineffective assistance, because there is no evidence that he had reason to believe defendant was incompetent to stand trial. Nor is there sufficient evidence to show that he was, in fact, incompetent to stand trial.

Defense counsel was not ineffective in failing to request the court to charge the offense of attempted unlawful imprisonment as a lesser included offense of unlawful imprisonment because there was no reasonable view of the evidence from which the jury could conclude that defendant did not commit the crime of unlawful imprisonment but only attempted to do so *(see,* CPL 300.50 [1]).

We have reviewed the other claims of ineffective assistance of counsel and we find that, considered either separately or cumulatively, they do not rise to the level of ineffective assistance. We have also reviewed the arguments contained in defendant's *pro se* brief, including the claim that the suppression court erred in finding an independent source for the eyewitnesses' identification of defendant, the claimed errors in the court's charge, and the claimed violation of the rule in *People v Dawson* (50 NY2d 311), and we find them to be without merit. (Appeal from judgment of Wayne County Court, Parenti, J.—attempted kidnapping, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.