■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. SURESSI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction for reckless endangerment in the first degree. It is alleged that, on August 24, 1986, defendant threw a "Molotov cocktail" through the kitchen window of the first floor apartment of William Jackson. There is no merit to defendant's contentions that the verdict was contrary to the weight of evidence or that the sentence imposed was harsh or excessive. Also without merit is defendant's contention that various errors in the admission of evidence or instructions to the jury deprived defendant of a fair trial. Although the trial court erred in using the phrase "reasonable degree of certainty" while instructing the jury on reasonable doubt *(see, People v Reese,* 154 AD2d 936, *lv denied* 74 NY2d 951; *People v Thompson,* 145 AD2d 952, *lv denied* 73 NY2d 983), defendant took no exceptions to the jury charge, and the error is not preserved for review (CPL 470.05 [2]). In any event, the charge, viewed in its entirety, conveyed the proper standard to the jury *(see, People v Canty,* 60 NY2d 830; *People v Reese, supra).* The remaining

claimed trial errors either are not preserved for review or are without merit, and the exercise of our interest of justice review power is not warranted (see, CPL 470.15 [6] [a]).

The court did err, however, in denying defendant's pretrial motion to suppress a statement made to police after he invoked his right to remain silent. After defendant was transported to the police station and placed in an interrogation room, an officer entered the room and read the *Miranda* warnings to him. Defendant invoked his right to remain silent, and the officer immediately ceased questioning. Another officer, unaware that defendant had exercised his right to remain silent, entered the interrogation room and reread the *Miranda* warnings to him. Defendant indicated his willingness to talk and made an oral admission to the officer. A suspect's exercise of the right to remain silent must be " 'scrupulously honored' " *(Michigan v Mosley,* 423 US 96, 104; *see also, People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). "He may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" *(People v Ferro, supra,* at 322). In the subject case, the People failed to demonstrate that a "significant period of time" *(Michigan v Mosley, supra,* at 106) elapsed between the invocation of silence and the administration of a fresh set of *Miranda* warnings. The second officer testified that he entered the interrogation room "a few minutes" after defendant had been placed in the room. The first officer, however, also entered the room after defendant was placed there, and there was no evidence indicating what period of time elapsed before the first officer entered the room and the time defendant exercised his right to remain silent. Clearly, the period of time was less than the two-hour period in *Michigan v Mosley (supra)* or the 17-minute period in *People v Cicciarelli* (145 AD2d 938, *lv denied* 73 NY2d 975), and it was less than the "few minutes" testified to by the second officer. We are persuaded, however, that the error was harmless. Within minutes after the "Molotov cocktail" was thrown into the apartment, several neighbors observed defendant standing in the middle of the street in front of the apartment, taunting Jackson and threatening to burn him out. Police arrested defendant on the front porch of a residence across the street shortly after arrival at the scene. Given the strong evidence of defendant's conduct and statements immediately after the event, we conclude that there was "no reasonable possibility that the error might have contributed to defendant's conviction" and that the error was

"harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Reckless Endangerment, 1st Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.