■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE B. BROWN, JR., Appellant. (Appeal No. 1.) [700 NYS2d 605] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [3]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant contends that County Court erred in denying his motion to suppress oral statements taken in violation of his *Miranda* rights, and that the prosecutor engaged in misconduct in eliciting, and that defense counsel was ineffective in failing to object to, evidence of defendant's silence.

The court erred in denying the motion to suppress. A suspect's right to remain silent, once unequivocally and unqualifiedly invoked, must be "scrupulously honored" (*Miranda v Arizona,* 384 US 436, 479; *see, Michigan v Mosley,* 423 US 96, 103-104; *People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). In that event, "interrogation must cease" (*People v Gary,* 31 NY2d 68, 70), and the suspect "may not within a short period thereafter and without a fresh set of warnings be importuned to speak about the same suspected crime" (*People v Ferro, supra,* at 322). A subsequent inquiry may be made into the subject only where a significant period of time has passed since the invocation of the right to remain silent and where the police have reiterated the requisite warnings (*see, Michigan v Mosley, supra,* at 103-104). Here, when asked about the Lawson incident, defendant said that he did not want to talk about it, thus unequivocally invoking his right to remain silent. We need not decide whether a sufficient period of time elapsed before the officer resumed questioning defendant about that matter (*see generally, People v Suressi,* 170 AD2d 1004, 1005, *lv denied* 77 NY2d 967). The People failed to establish that the officer readministered *Miranda* warnings to defendant (*see generally, People v Nisbett,* 225 AD2d 801, 802, *lv denied* 88 NY2d 939). Under the circumstances, defendant's motion to suppress should have been granted.

Nevertheless, the error is harmless, and the judgment need not be reversed (*see, People v Suressi, supra,* at 1005-1006).

Defendant's statement added nothing to the victim's testimony or the ballistics evidence establishing that defendant shot Lawson in the face at close range with a .380 handgun. There is no "reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237).

Any error in eliciting testimony concerning defendant's silence (*see generally, People v De George*, 73 NY2d 614, 618-620; *People v Conyers*, 52 NY2d 454, 457) is likewise harmless (*see, People v McLean*, 243 AD2d 756, *lv denied* 91 NY2d 928; *People v Sutherland,* 219 AD2d 523, 525, *lv denied* 87 NY2d 908, 88 NY2d 886). Similarly, defense counsel's failure to object to such testimony does not, standing alone, constitute ineffective assistance (*see, People v Arnold*, 188 AD2d 1020, 1021, *lv denied* 81 NY2d 836; *People v Lester*, 124 AD2d 1052, *lv denied* 69 NY2d 830). Counsel's representation of defendant, viewed in its entirety, was meaningful (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Monroe County Court, Connell, J.—Assault, 1st Degree.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.