787 So.2d 915 (2001)
Fernando SOTOLONGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-976.
District Court of Appeal of Florida, Third District.
May 9, 2001.
Certification Denied July 11, 2001.
*916 John H. Lipinski, Hollywood, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.
Fernando Sotolongo appeals the denial of his motion to suppress statements made to the police, the denial of his motions for mistrial, and the introduction of photos of the victim at trial. We find no error in the trial court's rulings and therefore affirm.
Sotolongo was convicted of the first degree murder of Sara Lefont. After his arrest, Sotolongo was read his Miranda rights and given a waiver form to sign. Sotolongo started to sign the form, became agitated, then tore and crumpled the form and threw it on the floor. In a few minutes, Sotolongo calmed down and stated he would cooperate by speaking to the police. Sotolongo read his rights out loud to detectives and signed a second form. He then gave a complete statement about the murder, including his involvement. Subsequently, Sotolongo moved to suppress his statements claiming he had not validly waived his right to counsel, as evidenced by his tearing of the waiver form. The trial court denied the motion.
We hold that the trial court did not abuse its discretion in denying Sotolongo's motion to suppress his confession. In Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the Supreme Court held that an equivocal request for an attorney is not an invocation of the right to silence. In this case, the act of tearing up the first waiver form is even more equivocal than the "request" at issue in Davis and cannot be equated to an invocation of the right to remain silent.[1]
The next issue raised by Sotolongo derives from comments made by one of the co-perpetrators who testified against him. In response to cross-examination by defense counsel, the witness pointed at Sotolongo and asked defense counsel to get Sotolongo to corroborate the testimony. Defense counsel then moved for a mistrial due to the witness' allusion to the defendant's right to refrain from testifying. The trial court denied defense counsel's motion for a mistrial, admonished the witness and instructed the jury to disregard the comment. The witness ignored the admonishment and repeated the comment later in his testimony.
We hold that the trial court properly exercised its discretion in denying the mistrial while sustaining the objection and instructing the jury. A motion for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial. See Goodwin v. State, 751 *917 So.2d 537, 547 (Fla.1999) (affirming the denial of a mistrial where the trial court recognized the error, sustained the objection and gave a curative instruction).
Finally, Sotolongo appeals the admission of crime scene photos of the victim as gruesome and without relevant purpose. The trial court held that the photos had a valid purpose, were not so gruesome as to inflame passion more than by other testimony, and that the photos did not prejudice the defense's view of the crime. We affirm the trial court's ruling since the photos did not constitute a substantial part of the prosecution's case so as to contribute to the actual verdict reached. See Rutherford v. Moore, 774 So.2d 637, 647 (Fla.2000) ("Even where we have found error in the admission of gory autopsy photographs that were not relevant to any disputed issue, the error can be considered harmless if the photographs played a minor role in the trial.").
Affirmed.
NOTES
[1] Even under the more expansive approach adopted by the Florida Supreme Court in Almeida v. State, 737 So.2d 520 (Fla.1999), which enjoins the police from proceeding in the face of a clear question from the suspect concerning his or her rights, there was no question propounded here by Sotolongo. In State v. Glatzmayer, 789 So.2d 297 (Fla.2001), the Court further explained that if the officers are uncertain as to how to respond to a particular question they may readvise the suspect of his or her rights, which is precisely what was done after Sotolongo tore up the rights form.