■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONYEAH DOUGLAS, Appellant. (Appeal No. 1.) [778 NYS2d 622]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered September 27, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny, resisting arrest, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree, granting the motion in part, and suppressing the incriminating statement made by defendant while being transported to arraignment and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and other crimes. We agree with defendant that County Court erred in denying that part of his pretrial motion seeking suppression of the incriminating statement he made while being transported to arraignment. The State Police interrogated defendant after advising him of his Miranda rights and ceased their interrogation when he said, "I have nothing further to say." The incriminating statement thereafter made by defendant during the course of further questioning while being transported to arraignment should have been suppressed. Defendant was not again advised of his Miranda rights prior to that questioning, and thus the record establishes that his right to remain silent was not "scrupulously honored" (Miranda v Arizona, 384 US 436, 479 [1966]; see People v Perkins, 289 AD2d 940, 941 [2001], lv denied

98 NY2d 654 [2002]; *People v Brown,* 266 AD2d 838 [1999], *lv denied* 94 NY2d 860 [1999]). Contrary to the People's contention, we conclude that the statement, "I have nothing further to say" could not have been interpreted by a reasonable police officer in the context of this case as "anything other than an expression of a desire to stop answering police questioning" (*United States v Reid,* 211 F Supp 2d 366, 372 [D Mass 2002]; *cf. People v Jones,* 258 AD2d 261 [1999], *lv denied* 93 NY2d 926 [1999]). Indeed, the interrogating officers promptly ceased their initial questioning of defendant following that statement. It cannot be said here that the error is harmless (*see Perkins,* 289 AD2d at 941), and we note that the People candidly concede in their brief that the incriminating statement was helpful in proving the burglary charge against defendant. We therefore modify the judgment in appeal No. 1 by reversing that part convicting defendant of burglary in the second degree, granting the motion in part, and suppressing the incriminating statement made by defendant while being transported to arraignment, and we grant a new trial on count one of the indictment.

We conclude that the court properly denied the remainder of defendant's suppression motion (*see People v Boodle,* 47 NY2d 398 [1979], *cert denied* 444 US 969 [1979]). To the extent that defendant relies upon trial testimony in challenging the court's determination, his claims are not properly before us (*see People v Davis,* 220 AD2d 445 [1995]). "[D]efendant may not rely upon evidence presented at trial to challenge the court's determination of the suppression motion" (*People v Pucci,* 5 AD3d 1099, 1099 [2004]). The further contentions of defendant regarding the legal sufficiency of the evidence and his sentencing as a second felony offender are not preserved for our review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.

In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We conclude that the bargained-for sentence is not unduly harsh or severe. To the extent that the further contention of defendant that he was denied effective assistance of counsel is properly before us (*see generally People v Petgen,* 55 NY2d 529, 534-535 [1982], *rearg denied* 57 NY2d 674 [1982]), we conclude that his contention lacks merit (*see People v Ford,* 86 NY2d 397, 404 [1995]). Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.