915 So.2d 692 (2005)
Benjamin Ryan SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-696.
District Court of Appeal of Florida, Third District.
November 16, 2005.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before GERSTEN and GREEN, JJ. and SCHWARTZ, Senior Judge.
*693 SCHWARTZ, Senior Judge.
The defendant appeals from his convictions after a jury trial for multiple offenses arising from an armed carjacking. We are compelled to reverse almost completely because of the trial court's erroneous denial of his motion to suppress adverse statements made after he asserted his right to remain silent.
The record shows that defendant's incriminating statements were made in response to police questioning which improperly (and admittedly without defendant's reinitiation of further conversation, see Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975)) followed an unequivocal expression of his wish to remain silent. The state's sole contrary contention is that the defendant's invocation was ambiguous and that the police could therefore properly question him further. See Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); Owen v. State, 862 So.2d 687 (Fla.2003), cert. denied, 543 U.S. 986, 125 S.Ct. 494, 160 L.Ed.2d 370 (2004). There is nothing to this argument. The detective in question specifically testified that Smith stated in no uncertain terms that he had "nothing to say" to her.[1] That expression is more than sufficient. See Arnold v. Runnels, 421 F.3d 859, 862 (9th Cir.2005)(defendant "unequivocally invoked his right not to speak on tape by saying he did not want to talk on tape"); United States v. Reid, 211 F.Supp.2d 366, 372 (D.Mass.2002)("Reid's statement that `I have nothing else to say' was a sufficiently pellucid invocation of his right to remain silent"); United States v. Stewart, 51 F.Supp.2d 1136, 1142-45 (D.Kan.1999)(defendant invoked his right to remain silent when he "indicated that he `did not want to talk about a robbery'" and stated "I don't want to talk to you m_____ f_____"), reconsidered in part, 51 F.Supp.2d 1147, 1162 (D.Kan.1999), affirmed, 215 F.3d 1338 (10th Cir.2000)(unpublished opinion); Minnesota v. Day, 619 N.W.2d 745, 750 (Minn.2000)(defendant's statement, "[s]aid I don't want to tell you guys anything to say about me in court," is unambiguous and unequivocal invocation of right to remain silent); Minnesota v. Marshall, 642 N.W.2d 48, 53-54 (Minn.Ct.App.2002)(defendant "unequivocally and unambiguously invoked her right to silence" by stating "No. I don't wish to say anything"); New York v. Douglas, 8 A.D.3d 980, 778 N.Y.S.2d 622, 623 (N.Y.App.Div.2004)("I have nothing further to say" constitutes invocation of right to silence), appeal denied, 3 N.Y.3d 705, 785 N.Y.S.2d 33, 818 N.E.2d 675 (2004); see also United States v. Bushyhead, 270 F.3d 905, 912 (9th Cir.2001)(admission of defendant's statement that "I have nothing to say, I'm going to get the death penalty anyway" was improper comment on silence because that statement is "the invocation of silence itself"), cert. denied, 535 U.S. 1008, 122 S.Ct. 1586, 152 L.Ed.2d 504 *694 (2002). Cf. Owen, 862 So.2d at 696-98 ("I don't want to talk about it" and "I'd rather not talk about it" are not unequivocal invocations of right to silence); Ford v. State, 801 So.2d 318, 319-20 (Fla. 1st DCA 2001)("Just take me to jail" is not unequivocal invocation of right to silence), review denied, 821 So.2d 295 (Fla.2002), cert. denied, 537 U.S. 1010, 123 S.Ct. 505, 154 L.Ed.2d 412 (2002); Sotolongo v. State, 787 So.2d 915 (Fla. 3d DCA 2001)(act of tearing up waiver form is not unequivocal invocation of right to silence), review denied, 816 So.2d 129 (Fla.2002). See generally Davis, 512 U.S. at 459, 114 S.Ct. at 2355 ("[A] suspect need not `speak with the discrimination of an Oxford don.'" (quoting Davis, 512 U.S. at 476, 114 S.Ct. at 2364, 129 L.Ed.2d at 382 (Souter, J., concurring in judgment))); Arnold, 421 F.3d at 865; Coleman v. Singletary, 30 F.3d 1420, 1424 (11th Cir.1994), cert. denied, 514 U.S. 1086, 115 S.Ct. 1801, 131 L.Ed.2d 727 (1995); Reid, 211 F.Supp.2d at 374.
Because we cannot find this error harmless beyond a reasonable doubt, a new trial is required on the charges to which the statements were pertinent. This excludes only the count for fleeing and eluding the police, § 316.1935(3), Fla. Stat. (2001), as to which the defendant does not seek retrial. Each of the sentences below, however, is vacated.[2]
Affirmed in part, reversed in part.
NOTES
[1] Detective Zorsky testified:

I pretty much asked him if he wanted to talk to me and give me his side of the story. He said he had nothing to say, that he was facing life if he was caught with a firearm and he didn't want to talk. . . . He said he had nothing to say. When I asked if he wanted to tell me his side of the story he said there's nothing I could do to help him because he's facing life if he was charged with a firearm. . . . Well, I asked if he wanted to tell me his side of the story and he said he had nothing to say because he was facing life. . . . He didn't tell me he didn't want to talk to me. He didn't want to talk about that because of what he was facing.
Notwithstanding these statements, the detective continued to question him: "I asked if he had committed any other robberies and his exact words were, no other than the one today." A short time later, she asked him "if he knew where the jewelry was. . . . He said it's in the middle console."
[2] Our disposition makes it unnecessary to discuss the defendant's other point, which concerns the effect of the failure to sever allegedly unrelated crimes of which defendant was acquitted at trial. See Crossley v. State, 596 So.2d 447 (Fla.1992).