982 So.2d 746 (2008)
Manuel Castro DUBON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6015.
District Court of Appeal of Florida, First District.
June 2, 2008.
Nancy A. Daniels, Public Defender, and Gail E. Anderson, Special Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Appellant was seen beating his co-worker, who later died; he was sentenced to life imprisonment for first-degree murder. He appeals the conviction on three grounds: the admission into evidence of portions of his custodial statement after denial of his motion to suppress; the exclusion from evidence of the remainder of his custodial statement under the rule of completeness (section 90.108, Florida Statutes); and the trial court's decision not to instruct the jury on section 776.013, Florida Statutes, effective October 1, 2005, concerning self-defense. We reverse.
We agree with Appellant's claim that his motion to suppress portions of his custodial statement should have been granted. During police questioning, Appellant said, at least three times, "I have nothing to say"; yet, officers continued to question him until he confessed. Appellant's comment is indistinguishable from the comment "I do not want to declare anything," which was held by the Florida Supreme Court to invoke a defendant's right to remain silent in Cuervo v. State, 967 So.2d 155 (Fla.2007). Accordingly, the continued questioning in the instant case violated Appellant's right to remain silent, and rendered *747 his subsequent statement involuntary.
Since Cuervo is dispositive and this case must be remanded for a new trial, Appellant's other arguments are moot and are not addressed.
REVERSED and REMANDED for a new trial.
VAN NORTWICK and ROBERTS, JJ., concur.