987 So.2d 1240 (2008)
Meshach MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2348.
District Court of Appeal of Florida, Second District.
August 13, 2008.
Christopher E. Cosden of The Wilbur Smith Law Firm, Fort Myers, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Meshach Martin entered nolo contendere pleas in two circuit court cases to a total of five offenses. Martin reserved the right to appeal the denial of his motion to suppress statements he made during an interrogation conducted by law enforcement. The plea agreement and transcript of the plea hearing reflect that the defense and the State stipulated to the dispositive nature of the motion and that the trial court approved the stipulation.[1]See Fla. R.App. *1241 P. 9.140(b)(2)(A)(i) (allowing a defendant who enters a guilty or nolo contendere plea to "expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved"). Because Martin invoked his right to remain silent and the detective failed to terminate the interrogation, we reverse the denial of the motion to suppress and reverse his judgments and sentences.
We agree with Martin's claim that he unequivocally invoked his right to remain silent and that the trial court should have suppressed the challenged statements. After a detective read the Miranda[2] warnings to Martin, Martin stated, "Really I ain't got nothing to say. I really don't got nothing to say." After the detective persisted, Martin began speaking with the detective. Then, during the interrogation the detective said, "Talk to me man. What happened?" Martin told the detective, "I ain't got nothing to say. I ain't got nothing to say." Again the detective persisted, asking Martin "why won't you tell me the truth?" Martin responded, indicating that there was "nothing to talk about" and "nothing for me to say." Once again, the detective continued interrogating Martin.
The continuing interrogation by the detective violated Martin's right to remain silent and rendered Martin's subsequent statements inadmissible. See Cuervo v. State, 967 So.2d 155, 163 (Fla.2007) (determining that the statement "I don't want to declare anything" made at the beginning of questioning was a clear invocation of the defendant's right to remain silent); Dubon v. State, 982 So.2d 746, 746 (Fla. 1st DCA 2008) (determining that the statement "I have nothing to say" made during questioning invoked the defendant's right to remain silent); Smith v. State, 915 So.2d 692, 692 (Fla. 3d DCA 2005) (noting that the defendant said to the detective "that he had `nothing to say' to her" and concluding that the expression was "more than sufficient" to invoke the defendant's right to remain silent); cf. Owen v. State, 862 So.2d 687, 697 (Fla.2003) (determining that, under the circumstances, answers to specific questions about the crime were equivocal when the defendant stated, "I don't want to talk about it" and "I'd rather not talk about it"). Because the detective should have terminated questioning when Martin invoked his right to remain silent, the trial court should have suppressed the challenged statements. See Dubon, 982 So.2d at 746. Therefore, we reverse the denial of the motion to suppress, reverse the convictions and sentences, and remand for discharge.
Reversed and remanded for discharge.
CANADY and VILLANTI, JJ., Concur.
NOTES
[1] Although the State did not raise the issue in its original briefing, this court asked for supplemental briefing regarding the dispositive nature of the motion. We also directed that the record be supplemented with the plea hearing transcript, which had not been included in the record on appeal. We are persuaded that the issue presented has been properly preserved for review. See Blanco v. State, 752 So.2d 79, 80 (Fla. 2d DCA 2000) (recognizing that the issue of whether a confession should be suppressed is dispositive when "the State stipulates that it could not proceed with the prosecution of the case without the benefit of the confession"); Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998) (determining that by entering into a stipulation that a motion is dispositive, "the state waived its right to argue otherwise on appeal"); Zeigler v. State, 471 So.2d 172, 176 (Fla. 1st DCA 1985) (holding "that a stipulation voluntarily entered into by all parties that an issue preserved for appeal by a defendant's nolo contendere plea is dispositive will be so considered by this court").
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).