■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARI SATLIN, Appellant. [37 NYS3d 885]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered October 22, 2014, convicting defendant, after a jury trial, of assault in the second degree, criminal possession of a weapon in the fourth degree and criminal mischief in the fourth degree, and sentencing him to an aggregate term of 2½ years, unanimously affirmed.

The court properly denied defendant's motion to set aside the verdict based on a *Rosario* violation, consisting of an undisclosed document, discovered after the verdict but before sentencing. The motion was not cognizable under CPL 330.30 (1) because such a motion is limited to grounds appearing in the record (*see People v Wolf*, 98 NY2d 105 [2002]; *see also People v Giles*, 24 NY3d 1066, 1068 [2014]). "To the extent the motion could be deemed a de facto or premature motion to vacate judgment pursuant to CPL 440.10, the issues raised in the motion are unreviewable since defendant failed to obtain permission from this Court to appeal (*see* CPL 450.15 [1]; 460.15)" (*People v Ai Jiang*, 62 AD3d 515, 516 [1st Dept 2009], *lv denied* 14 NY3d 769 [2010]). As an alternative holding, we also reject defendant's claim on the merits. Defendant has failed to establish a reasonable possibility that the nondisclosure materially contributed to the result of the trial (*see* CPL 240.75). Defendant's claim that the belatedly disclosed *Rosario* material constituted newly discovered evidence was procedurally cognizable under CPL 330.30 (3), but the court properly rejected this claim on the merits because the document fell far short of creating a "probability" of a more favorable verdict (*id.*).

Defendant also challenges evidentiary rulings made during trial. We find these rulings to be proper exercises of the court's

discretion that, in any event, did not cause defendant any prejudice. Accordingly, we find no violation of defendant's rights to a fair trial and to present a defense.

To the extent that, independently of his claim that the alleged *Rosario* and other errors were harmful, defendant is also claiming that the verdict was based on legally insufficient evidence and was against the weight of the evidence, those arguments are improperly made for the first time in a reply brief, and are in any event without merit. Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.