People v Robinson (2018 NY Slip Op 00954)





People v Robinson


2018 NY Slip Op 00954


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1544 KA 16-00774

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC D. ROBINSON, DEFENDANT-APPELLANT. 






VAN HENRI WHITE, ROCHESTER, FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 1, 2016. The judgment convicted defendant, upon a jury verdict, of strangulation in the second degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of strangulation in the second degree (Penal Law
§ 121.12) and harassment in the second degree (§ 240.26 [1]) based on an altercation he had with his adult son (victim). We reject defendant's contention that he was denied effective assistance of counsel by his attorney's failure to object to leading questions asked by the prosecutor, both because he has not established the absence of a strategic or other legitimate basis for the alleged failure (see People v Madison, 106 AD3d 1490, 1492 [4th Dept 2013]; People v Leary, 145 AD2d 732, 734 [3d Dept 1988], lv denied 73 NY2d 1017 [1989]; see generally People v Pavone, 26 NY3d 629, 646-647 [2015]), and because any error was not so egregious and prejudicial as to deny him a fair trial (see People v Inoa, 109 AD3d 765, 766 [1st Dept 2013], affd 25 NY3d 466 [2015]; People v Lester, 124 AD2d 1052, 1052 [4th Dept 1986], lv denied 69 NY2d 830 [1987]; see generally People v Benevento, 91 NY2d 708, 713-714 [1998]).
Defendant further contends that County Court erred in failing to issue adequate curative instructions in response to two instances of testimony by the victim implying that defendant had a drug problem. That contention is not preserved for our review, inasmuch as the court issued a curative instruction in response to the first instance of testimony at issue and defendant did not object to the instruction or seek further relief (see People v Townsend, 100 AD3d 1029, 1030 [2d Dept 2012], lv denied 20 NY3d 1015 [2013]; see generally People v Heide, 84 NY2d 943, 944 [1994]), and defendant did not object to the other instance of challenged testimony or request any instruction in response thereto (see People v Stubbs, 96 AD3d 1448, 1449 [4th Dept 2012], lv denied 19 NY3d 1001 [2012]; see generally People v Nicholson, 26 NY3d 813, 830 [2016]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant contends that his attorney was ineffective in failing to seek further curative instructions, we reject that contention (see generally People v Rogers, 70 AD3d 1340, 1340-1341 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010]). Viewing defense counsel's representation in its totality, we conclude that defendant was afforded meaningful representation (see People v Wragg, 26 NY3d 403, 412 [2015]; People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's contention, the court properly denied that part of his CPL 330.30 motion to set aside the verdict in which he alleged that the People committed Brady and Rosario violations in failing to disclose records of a 911 call made by the victim regarding an incident that occurred prior to his altercation with defendant. Inasmuch as the Brady and Rosario claims were based on material outside the trial record, they were not reviewable pursuant to CPL 330.30 [*2](1) (see People v Wolf, 98 NY2d 105, 118-119 [2002]; People v Satlin, 142 AD3d 920, 920 [1st Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Nichols, 35 AD3d 508, 509 [2d Dept 2006], lv denied 8 NY3d 925 [2007]), and "the court had no obligation to convert" the relevant part of the motion to one pursuant to CPL article 440 (People v Spirles, 294 AD2d 810, 811 [4th Dept 2002], lv denied 98 NY2d 713 [2002], reconsideration denied 99 NY2d 540 [2002]; cf. People v Toland, 2 AD3d 1053, 1055-1056 [3d Dept 2003], lv denied 2 NY3d 808 [2004]). In any event, although defendant made a specific pretrial discovery request for 911 records, there is no reasonable possibility that the nondisclosure of the records contributed to his conviction, and he thus "failed to establish materiality under Brady or prejudice under Rosario" (People v Switts, 148 AD3d 1610, 1612 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; see CPL 240.75; People v Daniels, 115 AD3d 1364, 1365 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]; People v Clarke, 242 AD2d 948, 948 [4th Dept 1997], lv denied 91 NY2d 924 [1998]).
Finally, we reject defendant's contention that the verdict is against the weight of the evidence with respect to the count charging strangulation in the second degree (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim over that of the main defense witness on the issues of justification and whether the victim lost consciousness (see People v Ryder, 146 AD3d 1022, 1025 [3d Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Wilmot, 60 AD3d 1454, 1454 [4th Dept 2009], lv denied 12 NY3d 930 [2009], reconsideration denied 13 NY3d 864 [2009]; see generally People v Reyes, 144 AD3d 1683, 1684-1685 [4th Dept 2016]), and defendant's intent to impede the victim's normal breathing could be inferred from the evidence that he applied pressure to the victim's neck (see People v Peterson, 118 AD3d 1151, 1154 [3d Dept 2014], lv denied 24 NY3d 1087 [2014]; Matter of Jesse Z., 116 AD3d 1105, 1107-1108 [3d Dept 2014]; see generally People v Bracey, 41 NY2d 296, 301 [1977], rearg denied 41 NY2d 1010 [1977]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court