People v Minus (2020 NY Slip Op 01954)





People v Minus


2020 NY Slip Op 01954


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11175 1146/14

[*1]The People of the State of New York, Respondent,
v
Omar Minus, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered August 25, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.
The Court's determination not to give an adverse inference charge regarding a manila envelope, used to hold property seized from defendant at the arrest scene, which a detective later discarded at the police station before vouchering the envelope's contents and delivering them to the property clerk, does not warrant reversal (see People v Smith, 33 AD3d 462, 464 [1st Dept 2006], lv denied 8 NY3d 849 [2007]; People v Pines, 298 AD2d 179, 180 [1st Dept 2002], lv denied 99 NY2d 562 [2002]).
Even assuming that the envelope contained annotations amounting to Rosario material, there was no reasonable possibility any error in failing to give an adverse inference charge materially contributed to the result at trial (People v Martinez, 71 NY2d 937, 940 [1988]; People v Satlin, 142 AD3d 920 [1st Dept 2016], lv denied 28 NY3d 1150 [2017]).
By failing to object, to make specific objections, or to request further relief after the court sustained objections, defendant failed to preserve all but one of his challenges to the prosecutor's summation, and we decline to review the unpreserved arguments in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). To the extent that a few isolated comments might be deemed error, there was no pattern of inflammatory remarks or anything so egregious as to deprive defendant of a fair trial (see People v Whaley, 70 AD3d 570 [1st Dept 2010], lv denied 14 NY3d 894 [2010]). Defendant's sole preserved challenge, to the prosecutor's remark that it was "offensive" to suggest that the police officers framed defendant, does not warrant reversal, either standing alone or when viewed along with the other comments at issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK