People v Lipton (2025 NY Slip Op 02691)

People v Lipton

2025 NY Slip Op 02691

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

303 KA 22-01434

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREA LIPTON, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered June 30, 2022. The judgment convicted defendant upon a jury verdict of manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress the statements made by defendant after 12:03 a.m. on August 19, 2020, after she invoked her right to remain silent is granted, and a new trial is granted.
Memorandum: Defendant was convicted following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly causing the death of her infant son. The child had been beaten by defendant's boyfriend, who was convicted of manslaughter in the first degree in a separate trial. On appeal, defendant contends that the evidence is legally insufficient to establish her guilt and the verdict is against the weight of the evidence. We reject those contentions. Defendant's challenge to the sufficiency of the evidence is not preserved for our review inasmuch as defendant's motions for a trial order of dismissal were not "specifically directed at the grounds advanced on appeal" (People v Moore, 232 AD3d 1299, 1300 [4th Dept 2024], lv denied — NY3d — [2025]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (see id.), we conclude that, even if a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Roche, 231 AD3d 1531, 1533 [4th Dept 2024], lv denied 42 NY3d 1081 [2025]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that Supreme Court erred in refusing to suppress statements she made during a videotaped interrogation after she repeatedly told the investigators that she had nothing more to say and was done talking. "A suspect's right to remain silent, once unequivocally and unqualifiedly invoked, must be 'scrupulously honored' " (People v Brown, 266 AD2d 838, 838 [4th Dept 1999], lv denied 94 NY2d 860 [1999], quoting Miranda v Arizona, 384 US 436, 479 [1966]; see People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]; People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). If such an unequivocal and unqualified invocation of the right to remain silent is made, " 'interrogation must cease' " (People v Gary, 31 NY2d 68, 70 [1972]; see People v Marrero, 199 AD3d 1471, 1473 [4th Dept 2021], lv denied 38 NY3d 929 [2022]). "Whether a defendant's assertion of that right was 'unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding [that assertion,] including the defendant's demeanor, manner of expression and the particular words found to have been used [*2]by the defendant' " (People v Colon, 185 AD3d 1510, 1511-1512 [4th Dept 2020], lv denied 35 NY3d 1093 [2020], quoting People v Glover, 87 NY2d 838, 839 [1995]; see People v Johnston, 192 AD3d 1516, 1518 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; Zacher, 97 AD3d at 1101).
Here, while being interrogated at the police station, defendant stated to the investigators six separate times that she had "nothing else to . . . say" and that she was "done talking." Even if defendant's initial statement that she had nothing else to say may have been prompted by her "unwillingness to change [her] story" (People v Lowin, 36 AD3d 1153, 1155 [3d Dept 2007], lv denied 9 NY3d 847 [2007], reconsideration denied 9 NY3d 878 [2007]; see People v Czternastek, 174 AD3d 1522, 1522-1523 [4th Dept 2019], lv denied 34 NY3d 950 [2019]), she repeated her desire to stop talking even after the conversation shifted to another topic (see People v Douglas, 8 AD3d 980, 980-981 [4th Dept 2004], lv denied 3 NY3d 705 [2004]; see also People v Johnson, 150 AD3d 1390, 1396 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]). It is clear from a viewing of the interrogation video that defendant repeatedly stated in no uncertain terms that she no longer wished to answer any more questions from the investigators. There was nothing equivocal about defendant's invocations of the right to remain silent, which were not scrupulously honored by the investigators, who continued the interrogation as if they did not hear what defendant had said.
We thus conclude that the court erred in refusing to suppress any and all statements made by defendant on August 19, 2020 after 12:03 a.m. on the interrogation video. "Inasmuch as there is a reasonable possibility that the erroneous admission of defendant's inculpatory statements contributed to the verdict, the error in refusing to suppress all of those statements cannot be considered harmless, and reversal is required" (People v Brown, 195 AD3d 1388, 1393 [4th Dept 2021]; see People v Crimmins, 36 NY2d 230, 237 [1975]).
In light of our determination, we need not address defendant's remaining contentions.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court