People v Surles (2025 NY Slip Op 05603)

People v Surles

2025 NY Slip Op 05603

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

726 KA 23-02151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT SURLES, DEFENDANT-APPELLANT. 

DANIEL J. MASTRELLA, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 29, 2015. The judgment convicted defendant upon a jury verdict of assault in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress all statements made after defendant invoked his right to remain silent is granted, and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of assault in the first degree (Penal Law § 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
We agree with defendant that Supreme Court erred in refusing to suppress statements he made to the police because defendant unambiguously invoked his right to remain silent, which the police thereafter failed to scrupulously honor. "If a person who is subject to police interrogation indicates in any manner, at any time prior to or during questioning, that [they] wish[ ] to remain silent, the interrogation must cease" (People v Colon, 185 AD3d 1510, 1511 [4th Dept 2020], lv denied 35 NY3d 1093 [2020] [internal quotation marks omitted]; see generally Miranda v Arizona, 384 US 436, 479 [1966]). The assertion of the right to remain silent "must be unequivocal and unqualified" (People v Morton, 231 AD2d 927, 928 [4th Dept 1996], lv denied 89 NY2d 944 [1997]; see People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). "Whether a defendant's assertion of that right was unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding [that assertion,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (Colon, 185 AD3d at 1511-1512 [internal quotation marks omitted]). "Once invoked, the right to remain silent must be scrupulously honored" (id. at 1512 [internal quotation marks omitted]).
Here, after the police told defendant that they considered him a suspect in the underlying shooting and asked him "for his side of the story," defendant continually stated that "he didn't want to talk about that and [that] he'd rather take his chances." We conclude that defendant thereby unequivocally invoked his right to remain silent (see People v Brown, 266 AD2d 838, 838 [4th Dept 1999], lv denied 94 NY2d 860 [1999]) inasmuch as "[n]o reasonable police officer could have interpreted that statement as anything other than a desire not to talk to the police" (Colon, 185 AD3d at 1512). Indeed, the actions of the police in response to defendant's statement demonstrated that they understood his statement to be an unequivocal invocation of his right to remain silent—i.e., they promptly ceased their questioning of defendant and left the interrogation room for a prolonged period of time (see People v Douglas, 8 AD3d 980, 981 [4th Dept 2004], lv denied 3 NY3d 705 [2004]). Defendant's responses to a police officer when the officer resumed the interrogation—which occurred about an hour and a half after the prior questioning ceased—did not negate defendant's prior unequivocal invocation of his right to [*2]remain silent because the police officer failed to reread the Miranda warnings to defendant before resuming the interrogation and therefore failed to scrupulously honor his right to remain silent (see People v Marrero, 199 AD3d 1471, 1474 [4th Dept 2021], lv denied 38 NY3d 929 [2022]; Brown, 266 AD2d at 838; see generally People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]).
We thus conclude that the court erred in refusing to suppress all statements made by defendant after he invoked his right to remain silent. Inasmuch as there is a reasonable possibility that the erroneous admission of defendant's inculpatory statements contributed to the verdict, the error in refusing to suppress all of those statements cannot be considered harmless, and reversal is required (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Lipton, 238 AD3d 1504, 1506 [4th Dept 2025]).
In light of our determination, we need not address defendant's remaining contentions.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court